LINDBLOOM v. KIDSTON et al.

(Second Division. Nome. September 12, 1904.)

1. MORTGAGES—ABSOLUTE DEED AS SECURITY.

A deed to real property, given by the maker of a promissory note, with a separate agreement that it is given to secure the payment of the sum due on the note, *held* to be a mortgage.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 60–67.]

2. VENDOR AND PURCHASER—VENDOR'S LIEN—RIGHTS OF BONA FIDE PURCHASER FROM GRANTEE.

A vendor of real estate, who reserves no lien of record by mortgage or otherwise, after the delivery of an absolute deed of conveyance to the vendee, has no equitable lien for deferred payments of the purchase money due him, which he can enforce

against the property in the hands of a subsequent mortgagor or purchaser for value.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, §§ 588, 700–708.]

**3. PLEADINGS—ANSWER—AMENDMENT—NEW DEFENSE.**

Upon a motion to vacate the former submission of the cause, the court will not permit a defendant to abandon the defense upon which the cause was tried by the court, and to substitute another and different defense, and thereupon to try the case again upon the new and substituted defense.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 777.]

This is a suit to foreclose a mortgage given to the plaintiff, Erik O. Lindbloom, by William Kidston, one of the defendants, to secure the payment of a promissory note for $2,500, dated December 16, 1899, payable in gold coin, with 5 per cent. interest thereon in like gold coin one year from the date thereof. On the date of the said promissory note the said Kidston executed to said Lindbloom and delivered a deed for the placer mining claim described in the complaint, namely, claim No. 3 above discovery on Dry creek, in the Cape Nome recording district, containing 20 acres of land, more or less. Contemporaneously with the execution and delivery of the said promissory note and deed, the plaintiff and defendant delivered to each other their agreement in writing, whereby it was covenanted between the parties thereto that said deed was intended as a mortgage by the said defendant William Kidston in favor of the plaintiff upon the said property therein described, said claim No. 3, above mentioned, to secure the said promissory note for $2,500, with the interest thereon. This agreement is also itself a mortgage in terms and legal effect.

That the said deed was a mortgage can admit of no doubt whatever, inasmuch as the parties thereto by the terms of said agreement have expressly declared it to be a mortgage, and furthermore, to remove all doubt upon the subject, have insert-

ed the artificial words of a mortgage as a part of said agreement.

The defense set up at the trial by the three defendants N. O. Hultberg, Charles Hultberg, and Walter H. Soderberg is:

First. They deny that by the deed of July 12, 1899, as recited in plaintiff's complaint, or otherwise, the said N. O. Hultberg sold or conveyed the said placer mining claim to the said William Kidston, and aver that, on the contrary, ever since the said claim was located, prior to July 12, 1899, by said N. O. Hultberg and his grantees and successors in interest, said Charles Hultberg and Walter H. Soderberg have been and were at the date of the verification of said answer the owners of said claim, free of all liens and incumbrances.

Second. That the said loan made by said plaintiff to said defendant William Kidston, and said agreement, deed, and mortgage described by Exhibits A, B, and C in plaintiff's complaint, were executed by the said Kidston and the said Lindbloom, plaintiff, and accepted by plaintiff, with full notice and knowledge of the said title of the said N. O. Hultberg in and to said placer mining lands, and without notice to or with the consent of said Charles Hultberg and Walter H. Soderberg, who it is alleged in said answer acquired title to said claim on the 23d day of May, 1901. The evidence adduced at the trial before the court supports and establishes the material allegations of the complaint, leaving the counter allegations of the defendants' answer entirely unsupported by satisfactory evidence.

The defendants now move to vacate the submission of the case for trial by the court and for leave to amend their answer so as to permit them upon a new trial to set up as a further defense by interlining their answer as follows:

(1) That at the said time of the alleged sale by said N. O. Hultberg to said Kidston of said placer mine described in said complaint the said vendor and vendee entered into another

agreement in writing, marked "Exhibit A" and made a part hereof.

(2) That under said agreement said Kidston went into and ever since has remained in possession of said mine.

(3) That said Hultberg has performed his part of said agreement.

(4) That no part of said $2,000, the balance of the purchase price of said mine, has been paid.

(5) That said loan from said plaintiff to said Kidston was made by said plaintiff after actual notice from said Hultberg to said plaintiff, and with full knowledge on the part of said plaintiff of the conditions of said sale, and that said balance of $2,000 of said purchase price had not been paid. This motion is based upon the pleadings and papers on file and the evidence heretofore adduced in said cause.

Ira D. Orton, for plaintiff.

N. Soderberg and N. V. Rinehart, Jr., for defendants.

MOORE, District Judge. It is apprehended that that portion of the evidence which is comprised in the Exhibit D now attached to the answer is the evidence upon which the defendants mainly rely to support their motion. This same Exhibit D is in fact the Exhibit A described in the defendants' motion. There was no evidence at the trial that Erik O. Lindbloom ever assumed to pay N. O. Hultberg the sum of $2,000, the amount of the purchase price still alleged to be due N. O. Hultberg; nor is it alleged in the proposed amendments to the defendants' answer that it was so assumed.

The defendants, by the motion made, abandoned the defense which they made at the trial, and seek to set up another one, the substance of which is about as follows: It is true the plaintiff loaned the money in controversy in this suit to William Kidston, but at the time he took his mortgage given to secure the loan of $2,500 the mortgage claim was bound by grantor's

lien of $2,000, the balance of the purchase price for said claim still due N. O. Hultberg from William Kidston.

Such an abandonment of the ground of defense could never be permitted by a court in the midst of a trial, and I fail to see why defendants have any better right to set it up afterwards by the way of a resubmission of the case. Nor am I persuaded that if the answer were amended as proposed the defendants could prevail in a new trial. They could only prevail by showing the court conclusively that N. O. Hultberg had a grantor's or vendor's lien upon the mortgaged claim, and that Lindbloom's lien under the mortgage was acquired subject thereto.

The defendants assume as law that vendors of realty in Alaska acquire an equitable lien for the deferred and unpaid part of the purchase price of realty after a delivery of an absolute deed to the purchaser. In Oregon the Supreme Court of that state sets at rest all controversy as to what the law of Oregon is on this subject by its decision in the case of Frame et al. v. Sliter et al., 45 Pac. 290, 34 L. R. A. 690, 54 Am. St. Rep. 781, delivered in 1896, wherein the court (Chief Justice Bean delivering the opinion) entered into a thorough review of the line of previous decisions relating to the existence of such liens in that state. The court, also, in that opinion, discusses the question upon principle, and the conclusion is reached therein that such liens have never been recognized authoritatively as forming a part of the law of real property in that state. I can see no provision of our Code by which such a lien is referred to either expressly or by implication, nor does counsel for the motion cite the court to any provision which does.

While such liens are recognized and enforced in some states, yet the doctrine of equitable liens is not favored by the courts, inasmuch as to recognize them is to uphold secret liens, to the ensnaring oftentimes of innocent purchasers and creditors. "The lien," as is said by Chief Justice Marshall in Bayley v.

Greenleaf, 7 Wheat. (U. S.) 51, 5 L. Ed. 393, "is a secret, invisible trust, known only to the vendor and vendee and to those to whom it may be communicated in fact. To the world the vendee appears to hold the estate divested of any trust whatever, and credit is given to him in the confidence that the property is his own, in equity as well as in law. A vendor relying upon this lien ought to reduce it to a mortgage, so as to give notice to the world." Such liens are inconsistent with the spirit and intent of the registration laws of our Code, a trap for the unwary, and a means put in the hands of a dishonest vendor, by which he may trammel the free and easy subsequent conveyance of realty from which he gives up his title.

The motion cannot be granted, in fine, for two reasons, each conclusive of the main question:

(1) The defendants are not entitled to the resubmission, no error appearing to have been committed by the court in the former trial, and none being imputed either in the papers or in counsel's argument for the motion.

(2) If the case were resubmitted for trial, the court could not adjudge upon the evidence admitted or offered at the trial already had that any equitable lien arose in favor of the defendants, or any of them.

The motion to vacate the late submission of the case to the court and to permit the proposed amendment of the answer is now denied. Accordingly, findings of fact and conclusions of law may be prepared, to the end that judgment for the claim in suit, with the interest, attorney's commission of $250, and costs, etc., may be entered thereon in favor of the plaintiff.